## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GABRIEL CAMPOS MILLAN,**

      **Petitioner,**

    **v.**                       **Case No.: 6:26-cv-00982-PGB-DCI**

**LOUIS A. QUINONES, GARRET RIPA, MARKWAYNE MULLIN and TODD BLANCHE,**

      **Respondents.**

_____/

## **ORDER**

This cause is before the Court for consideration without oral argument on Petitioner Gabriel Campos Millan's ("**Petitioner**") Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Emergency Injunctive and Declaratory Relief. (Doc. 1 (the "**Petition**")).

On May 6, 2026, the Court entered an Order granting Petitioner's request for a temporary restraining order. (Doc. 3 (the ("**TRO**")). Therein, the Court temporarily enjoined Respondents Louis A. Quinones, Warden of Orange County Jail in Orange County, Florida; Garrett Ripa, Field Director of the Miami Immigration and Customs Enforcement Office; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and Todd Blanche, acting as Attorney General of the United States (collectively, the "**Respondents**"); as well as all other persons or entities acting in active concert or participation with them

from detaining Petitioner under 8 U.S.C. § 1225. (*Id.* at p. 9). If Petitioner was being detained pursuant to 8 U.S.C. § 1225 or an Immigration and Customs Enforcement detainer, the Court ordered Respondents and all other persons or entities acting in active concert or participation with them to immediately release Petitioner. (*Id.* at pp. 9–10).

On May 7, 2026, counsel for Respondents filed a Response to the Petition. (Doc. 6 (the "**Response**")). Therein, Respondents' counsel requests that because Orange County Jail released Petitioner in accordance with the TRO, the Court find the instant Petition as moot. (*Id.* at pp. 2–4). Petitioner corroborates his release from Orange County Jail in a separate notice. (*See* Doc. 8). Accordingly, considering that Respondents are no longer detaining Petitioner, the Court finds the Petition as moot. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242–43 (11th Cir. 2002) (finding "no active case or controversy" remained because the petitioner had been removed and was no longer in immigration detention).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Emergency Injunctive and Declaratory Relief (Doc. 1) is **FOUND AS MOOT**.

2. The Clerk of Court is **DIRECTED** to close the file and terminate all pending motions.

**DONE AND ORDERED** in Orlando, Florida on May 11, 2026.

2

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties